IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






WR-73,408-01, WR-73,408-02 & WR-73,408-03






EX PARTE WILLIAM MICHAEL MASON








ON APPLICATION FOR WRIT OF HABEAS CORPUS 


CAUSE NO. 620074-A IN THE 228TH DISTRICT COURT

HARRIS COUNTY



 


 Per Curiam. Keasler, J., filed a concurring statement to the initial writ. 

 




O R D E R



 We have before us an initial application for writ of habeas corpus filed pursuant to
Texas Code of Criminal Procedure Article 11.071, and two subsequent applications for writ
of habeas corpus filed pursuant to the provisions of Texas Code of Criminal Procedure
Article 11.071, § 5.

 Applicant was convicted in March 1992 of the offense of capital murder. The jury
answered the special issues submitted under Article 37.071 of the Texas Code of Criminal
Procedure, and the trial court, accordingly, set punishment at death. This Court affirmed
Applicant's conviction and sentence on direct appeal. Mason v. State, 905 S.W.2d 570 (Tex.
Crim. App. 1995), cert. denied, 516 U.S. 1051 (1996) . 

 Applicant's initial habeas application was filed in the convicting court on August 18,
1997. His first subsequent application was filed pro se in the convicting court on October
19, 1999. His second subsequent application was filed pro se on September 14, 2001. All
three applications were received in this Court on January 27, 2010.

 In his initial writ, applicant presents seven allegations challenging the validity of his
conviction and resulting sentence. The trial court entered findings of fact and conclusions
of law recommending that the relief sought be denied. 

 This Court has reviewed the record with respect to the allegations made by applicant. 
We adopt the trial judge's findings and conclusions. Based upon the trial court's findings
and conclusions and our own review, we deny relief.

 Applicant presents eleven allegations in his first subsequent application. We have
reviewed the application and supporting documents and find that one allegation satisfies the
requirements for consideration of a subsequent application under Texas Code of Criminal
Procedure Article 11.071, § 5. That claim (1) - that the trial court erred in denying his properly
requested mitigation instruction at punishment and providing instead a nullification
instruction that did not allow the jury to consider and give effect to mitigating evidence
presented at trial - is remanded to the trial court for consideration. Applicant's remaining
allegations in his first subsequent application are dismissed. 

 Applicant presents two allegations in his second subsequent writ. We have reviewed
the claims and have determined that they fail to meet the dictates of Article 11.071, §5. 
Accordingly, we dismiss his second subsequent application. 

 IT IS SO ORDERED THIS THE 14th DAY OF APRIL, 2010.


Do Not Publish 
1. Applicant did not number his claims in the pro se application. This specific claim is
found on page 8 of the application.